IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| John Zajicek, ) | |
| ) | Case No. 13 C 50339 |
| Plaintiff, ) | 14 C 50044 |
| ) | |
| vs. ) | |
| ) | |
| Melissa K. Burks, ) | |
| ) | Judge Philip G. Reinhard |
| Defendant. ) | |

**ORDER**

For the reasons stated below, the order of the bankruptcy court denying appellant relief from the automatic stay (13 C 50339) is affirmed. The order of the bankruptcy court confirming debtor's Chapter 13 plan (14 C 50044) is affirmed. This order shall be entered in both case number 13 C 50339 and case number 14 C 50044. These cases are terminated.

**STATEMENT-OPINION**

Appellant, John Zajicek, appeals from orders of the bankruptcy court denying his motion to lift the automatic stay (13 C 50339) and confirming the Chapter 13 plan (14 C 50044) of debtor, Melissa Burks.[1] Appellant is the holder of a certificate of purchase from the tax sale of debtor's real property. Prior to the expiration of the redemption period, debtor filed bankruptcy. Her confirmed Chapter 13 plan treats appellant's interest as a secured claim and provides for paying it in full over the term of the plan. Appellant contends his interest cannot be satisfied through the plan and that he is entitled to lift the automatic stay to complete the process of obtaining a deed to debtor's real estate because section 108(b) of the Bankruptcy Code (11 U.S.C. § 108(b)) required debtor to redeem from the sold taxes within 60 days after the order for relief. His position is that the interplay between Bankruptcy Code section 1322(b)(2), which allows a debtor to modify the rights of holders of secured claims, and section 108(b), which sets a deadline 60 days after the order for relief in which "to cure a default or perform any other similar act," requires redemption of the taxes in full within the 60 day period and precludes paying the amount required for redemption piecemeal over the course of performance under a Chapter 13 plan. The bankruptcy court sided with debtor and appellant filed timely notice of appeal from both the denial of his motion for relief from stay and from the order of confirmation.

In re LaMont, 740 F.3d 397 (7th Cir. 2014) compels affirming both orders of the bankruptcy court. LaMont, holds that the interest of an Illinois tax purchaser is "a right to payment or alternatively, a right to an equitable remedy against the debtors' property" and therefore it is a claim that may be treated in a bankruptcy plan. Id., at 409. A tax purchaser's

---

[1] These two appeals have been consolidated for purposes of briefing.

claim is secured by the debtor's property. Id.  A Chapter 13 plan may modify the rights of holders of such secured claims.  Id.  Thus, treating appellant's claim under the Chapter 13 plan and providing for installment payments on that claim over the life of the plan and beyond the redemption deadline set by Illinois law, is allowable. Id., at 409-10.

Under Illinois law, before the redemption period expires, a delinquent taxpayer retains legal and equitable title to the real estate on which the certificate of purchase has been issued. Id., at 406.  The debtor, therefore, still owned her home at the time she filed her bankruptcy petition and it became property of the bankruptcy estate. Id.  As property of the estate, it is protected by the automatic stay from any attempt to obtain possession of that property or enforce a lien against it. Id., at 410.  Thus, appellant was prohibited by the automatic stay from attempting to obtain a tax deed to the property. Id.  Appellant's request to lift the automatic stay to allow him to obtain the tax deed was properly denied because debtor was allowed to propose, and did propose, and the bankruptcy court confirmed, a Chapter 13 plan providing for payment of appellant's claim. Id.

Appellant contends that section 108(b) of the Bankruptcy Code was not considered by the court in Lamont, and that this court should find 108(b) precludes treating appellant's claim through the plan because debtor did not file her bankruptcy petition more than 60 days before the expiration of the redemption period.  Appellant contends, in this limited circumstance, that 108(b) sets an outside deadline for redemption of 60 days after the order for relief.  However, the following from Lamont defeats this argument: "His assertion that the full redemption amount must be paid in a lump sum before the redemption deadline – i.e., that a proper redemption must be made – is mistaken.  The plan is treating his secured claim, *not* formally redeeming the property." Id., at 409.  Debtor's plan is simply treating appellant's secured claim as is allowed by section 1322(b)(2).  If debtor fails to comply with the plan, appellant retains his equitable remedy to seek an order issuing him a deed to the property.  Absent default under the plan, he has no such right. Id.  As the district court observed in its Lamont opinion: "Section 108(b) seems to set a limit on the amount of time a trustee has to cure a default after the filing of a bankruptcy petition.  However, nothing in § 108(b) transforms the extension of a non-bankruptcy right into a negation of bankruptcy rights specifically accorded elsewhere in the Code.  Section 108(b) should not be read to limit the debtor's right to modify the tax purchaser's (or the county's) secured claim pursuant to §§ 1322(b)(2) and 1325(a)(5)." In re LaMont, 487 B.R. 488, 496 (N.D. Ill. 2012) (Leinenweber, J.) (internal quotation marks and citation omitted.)

For the foregoing reasons, the order of the bankruptcy court denying appellant relief from the automatic stay (13 C 50339) is affirmed.  The order of the bankruptcy court confirming debtor's Chapter 13 plan (14 C 50044) is affirmed.  This order shall be entered in both case number 13 C 50339 and case number 14 C 50044.  These cases are terminated.

DATE: 4/22/2014                                             ENTER:

                                                            _____
                                                            United States District Court Judge